**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ISLAND BONNER<br>Plaintiff,<br><br>v.<br><br>CITY OF ST. LOUIS,<br>MISSOURI, et al.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-00097-ZMB |

**DEFENDANTS' JOINT MOTION TO STAY**

Defendants Jeremy Davis, Steven Schwerb, Jonathan Vanarsdale, the St. Louis Board of Police Commissioners and the City of St. Louis (hereinafter "Defendants"), by and through counsel, move to stay Defendants' responses and objections to Plaintiff's propounded discovery requests.

1. On October 1, 2026, Plaintiff sent discovery requests to Defendants, including: (1) Plaintiff's First Interrogatories to City and Board, (2) Plaintiff's First Interrogatories to Defendant Davis, (3) Plaintiff's First Interrogatories to Defendant Schwerb, (4) Plaintiff's First Interrogatories to Defendant Vanarsdale, (5) Plaintiff's First Request for Production of Documents to Defendants, and (6) Plaintiff's First Requests for Admissions to Defendants.

2. The Court should stay Defendants' responses and objections to these requests for two reasons.

3. First, Defendants currently have pending Motions to Dismiss Plaintiff's Amended Complaint, raising qualified immunity.

4. In general, qualified immunity is not a mere defense to liability, but "immunity from suit," and one of its purposes "is to protect public officials from disruptive 'broad-ranging discovery'" See *Mitchell v. Forsyth*, 472 U.S. 511, 512 (1985); *see also Tech. Ordnance, Inc. v. United States*, 244 F.3d 641, 646 (8th Cir. 2001) (citations omitted).

5. Additionally, it is well established that where there is no underlying constitutional violation, there can be no liability against a municipality under 42 U.S.C. § 1983. *Wolk v. City of Brooklyn Center*, 107 F.4th 854, 861 (8th Cir. 2024). Further, Plaintiff's *Monell* claim against the City and the Board is for an unconstitutional custom and/or failure to train, supervise, hire, or discipline. *See* doc. 23. This claim, which requires deliberate indifference of an official policymaker, is disposed of if this Court finds the officers entitled to qualitied immunity. *See Lombardo v. City of St. Louis*, 38 F.4th 684, 692 (8th Cir. 2022). Since both the City and the Board's liability rests on the officers' liability, the protections against burdensome discovery should extend to the City and the Board.

6. As a result, while Defendants' Motions to Dismiss are pending, Defendants argue that the Court should stay Defendants' responses and objections in order to protect Defendants' genuine assertion of immunity from suit.

7. Second, the parties have not met for a Fed. R. Civ. P. 26(f) conference.

8. Under Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding

exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

9. Therefore, because the parties have not met for a Rule 26(f) conference, the Court should stay Defendants' responses and objections, per Rule 26(d)(1).

10. In response, Plaintiff may argue that, on August 27, 2026, Plaintiff requested to meet for a Rule 26(f) conference, and Defendants denied the request the following day.

11. However, the Court should reject this argument.

12. Under Rule 26(f), "parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

13. Here, a Rule 16 scheduling conference has not been set by the Court.

14. Moreover, because Defendants have pending dispositive motions raising immunity from suit, any Rule 26(f) conference while the aforementioned motions are pending is not practicable.

15. Therefore, Defendants had valid grounds to deny the Rule 26(f) conference request.

WHEREFORE, because (1) Defendants have pending motions to dismiss raising immunity from suit, and (2) the parties have not met for a Rule 26(f) conference, Defendants request that the Court grant Defendants' Joint Motion to Stay.

Respectfully submitted,

**CATHERINE L. HANAWAY**

Missouri Attorney General

*/s/Thomas M. Finn*
Thomas M. Finn, #78300(MO)
Assistant Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
(314) 340-4814
Thomas.Finn@ago.mo.gov

Attorney for Defendants Davis, Vanarsdale, Schwerb, and the Board

**MICHAEL GARVIN**

St. Louis City Counselor

*/s/ Jay Hollman*
Jay Hollman, #76649(MO)
Assistant City Counselor
1200 Market Street
City Hall Room 314
St. Louis Missouri 63103
Phone: (314) 622-3361
Fax: (314) 622-4956
HollmanJ@stlouis-mo.gov

Attorney for Defendant City of St. Louis

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, the foregoing was filed via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record.

*/s/Thomas M. Finn*
Thomas M. Finn, #78300MO
Assistant Attorney General